UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN E. HUDSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:10-cv-536 |
| vs. | ) |
| | ) |
| TERRY MARTIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

John E. Hudson, Jr., a *pro se* prisoner, filed a Complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Hudson alleges that three guards at the Lagrange County Jail have harassed him. He says that he has been asked where he buried money from a bank robbery. He says that he has been given a newspaper article about the bank robbery in front of other inmates. Later, a guard

told him that he was going to change banks. When another inmate reported that Hudson had threatened to beat him if he did not surrender his commissary purchases, a guard reportedly responded, "well he is a bank robber." Later a guard called him "John Doe" when returning his laundry, which Hudson interpreted as a death threat. Then, while passing out medications, a guard told him that his presumably oral meds were to be administered anally. The guard asked, "grease or no grease" and gestured with his latex gloved hand that he would administer them.

Though Hudson mentions defamation, "[d]efamation is not a deprivation of liberty within the meaning of the due process clause." *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. Ill. 1987) *citing Paul v. Davis*, 424 U.S. 693, 711-12 (1976) and *Colaizzi v. Walker*, 812 F.2d 304, 307 (7th Cir. 1987). Furthermore, "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 446 (7th Cir. 2009). Calling Hudson "John Doe" was not a credible death threat and is wholly unlike cases where harassment has risen to the level to constitute an actionable claim. Just like the holding in *Dobbey*, this case

> falls well short of *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him 'nigger,' and repeatedly threatened to shoot him, or *Irving v. Dormire, supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson, supra*, 973 F.2d at 1524.

*Id*. Therefore, though the actions of these three guards were certainly unprofessional and counterproductive, they do not form a basis for an Eighth Amendment violation.

Hudson also names three supervisors whom he alleges knew of these events, yet permitted them to continue. First, "[t]he doctrine of *respondeat superior* can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009). Furthermore, because none of the guards violated Hudson's rights, he has not stated a claim against any of these defendants.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: March 4, 2011

    s/ Philip P. Simon
    PHILIP P. SIMON, CHIEF JUDGE
    UNITED STATES DISTRICT COURT